# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RICCARDO SILVA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE 1 (OWNER(S) OF WEBSITE ███████████);<br><br>JOHN DOE 2 (OWNER(S) OF ████ ██████████████);<br><br>JOHN DOE 3 (OWNER(S) OF █████ ██████████████);<br><br>JOHN DOE 4;<br><br>MOBILE BILLBOARDS, INC.,<br><br>    Defendants. | Case No.: _____ |

## COMPLAINT

Plaintiff Riccardo Silva ("Silva"), hereby sues Defendants John Doe 1, John Doe 2, John Doe 3, and John Doe 4, all of whom may be a single person or may be more than one person (the "John Doe Defendant(s)"), and Mobile Billboards, Inc. (the "Mobile Billboard Defendant," and together with the John Doe Defendant(s), the "Defendants") and alleges:

### INTRODUCTION

1. This case involves a defamatory campaign waged by the John Doe Defendant(s), with the assistance of the Mobile Billboard Defendant, against Mr. Silva, a successful businessman, a philanthropist, and a devoted husband and father, which campaign was designed to damage Mr. Silva both personally and professionally by publishing false and outrageous accusations of criminality against him.

2. The purpose of this defamatory campaign is unknown to Mr. Silva, as the John Doe Defendants have hidden their identity or identities, but the campaign was designed to cause—and has in fact caused—grave damage to Mr. Silva and his family.

3. Indeed, the Defendants sent a mobile billboard around South Miami Beach during the weekend of Miami Art Basel featuring a large photo of Mr. Silva's face with text knowingly falsely accusing Mr. Silva of being ▓▓▓▓▓▓ Mr. Silva was in Miami at the time with his wife and children, and his seventeen-year-old son saw the billboard. This has, not surprisingly, caused devastation to Mr. Silva and his family.

4. The mobile billboard directed viewers' attention to ▓▓▓▓ and ▓▓▓▓▓▓▓, created by the John Doe Defendant(s), which contain additional knowingly false and defamatory statements. The John Doe Defendant(s) have also created a website that includes still more knowingly false and defamatory statements and accusations against Mr. Silva.

5. The Defendants have caused and are continuing to cause grave damage to Mr. Silva by publishing this knowingly false and defamatory material accusing Mr. Silva of criminal and deviant conduct. Mr. Silva and his family are in fear of their safety and security as a result of the Defendants' harassment and defamatory campaign.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this case because the amount of damages sought by Mr. Silva, exclusive of any attorney's fees, costs, and expenses, exceeds $75,000.

7. This Court has personal jurisdiction over each of the Defendants in that, at all relevant times, they (a) resided in Florida and/or (b) committed tortious acts in Florida.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2)

because at least one of the Defendants reside in this District and all Defendants are residents of Florida, and/or because a substantial part of the events giving rise to the below claims occurred in this District.

## THE PARTIES

9. Mr. Silva is an individual whose domicile is London, United Kingdom. Mr. Silva owns a condominium in South Miami Beach.

10. Defendant John Doe 1 is the owner of the website ▆▆▆▆. Upon information and belief, John Doe 1 resides in the State of Florida. John Doe 1 committed the tortious acts described herein in the State of Florida. Notably, as the allegations *infra* show, John Doe 1 may be one or more individuals and may be the same individual as John Doe 2, 3, or 4.

11. Defendant John Doe 2 is the owner of the ▆▆▆▆. Upon information and belief, John Doe 2 resides in the State of Florida. John Doe 2 committed the tortious acts described herein in the State of Florida. Notably, as the allegations *infra* show, John Doe 2 may be one or more individuals and may be the same individual as John Doe 1, 3, or 4.

12. Defendant John Doe 3 is the owner of the ▆▆▆▆. Upon information and belief, John Doe 3 resides in the State of Florida. John Doe 3 committed the tortious acts described herein in the State of Florida. Notably, as the allegations *infra* show, John Doe 3 may be one or more individuals and may be the same individual as John Doe 1, 2 or 4.

13. Defendant John Doe 4 is the individual who hired the billboard from the Mobile Billboard Defendant. Upon information and belief, John Doe 4 resides in the State of Florida. John Doe 4 committed the tortious acts described herein in the State of Florida. Notably, as the allegations *infra* show, John Doe 4 may be one or more individuals and may be the same individual as John Doe 1, 2, or 3.

14. The Mobile Billboard Defendant is a Florida corporation with principal offices in

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

Parrish, Florida, and is duly authorized to conduct business in the State of Florida. The Mobile Billboard Defendant offers mobile billboard services—i.e., a billboard that is placed on the rear of a motor vehicle and is observable by other motorists and pedestrians. The Mobile Billboard Defendant committed the tortious acts described herein in the State of Florida.

## FACTUAL BACKGROUND

15. Mr. Silva is a husband, a father, and a renowned businessman and investor. He owns the investment company, Silva International Investments, an investment company that manages and invests in various sectors—media, technology, sports, entertainment, the arts, and real estate, to name a few. He also owns the model and talent agency, Select Model Management. In addition, he is the president and co-owner of the American professional soccer team, Miami FC, and an investor in and co-owner of AC Milan, one of the most successful soccer teams in the world.

16. Mr. Silva is a devoted philanthropist, as well. He donates substantial time and money to various causes. He has made significant donations across a range of projects in Europe, Africa, and the United States (particularly, Miami, Florida), including to Florida International University ("FIU"), Mount Sinai Medical Center, Gulliver Schools, St. Stephen's Episcopal Day School, the Bass Museum of Art, the New World Symphony, Play for Change, The Foundation for AIDS Research, Elton John AIDS Foundation, the Novak Djokovic Foundation, Movimiento Shalom, and the Bali Street Kids Project. In recognition of Mr. Silva's contributions to FIU and, more generally, to the city of Miami, FIU named its football and soccer stadium—Riccardo Silva Stadium—after him.

17. Mr. Silva is an upstanding, law-abiding citizen. And yet, to his shock, the Defendants have recently set forth a damaging campaign against him, designed to damage him

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

personally and professionally by accusing him of conduct that is categorically false. Specifically, the Defendants have falsely accused Mr. Silva of ████████████████████████ ████, and other falsely alleged conduct. Outrageously, the Defendants have falsely compared Mr. Silva to ████████████████.

18. Each and every one of these accusations against Mr. Silva is knowingly **false**—fabricated by the Defendants to damage and destroy Mr. Silva's personal and professional life.

19. Mr. Silva seeks compensatory and punitive damages resulting from the harm that the Defendants' defamatory campaign has caused him and will continue to cause him.

### The Website

20. John Doe 1 created the website ████████ (the "Website") on September 8, 2022.

21. The Website contains only the following accusations:



22. Each and every one of these accusations made by John Doe 1 on the Website against Mr. Silva is knowingly false, defamatory, and extreme and outrageous.

### The ██████ Campaign

23. John Doe 2 created the ████████████████████ on September 8, 2022—the

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

same day the Website was created.

24. Throughout October 2022, ▮▮▮▮ made the following ▮▮▮▮ ▮▮▮▮ across several ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ Together, there are roughly 16.1 million members in these ▮▮▮▮:



6



25. In December 2022, John Doe 2 created and assigned itself as ▮▮▮▮ of the ▮▮▮▮▮▮▮▮▮▮ (the "▮▮▮▮▮▮").

26. In the ▮▮▮▮▮, ▮▮▮▮ made the following▮:

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com



27. Each and every one of these accusations made by John Doe 2 on ▮▮▮ against Mr. Silva is knowingly false, defamatory, and extreme and outrageous.

### The ▮▮▮ Campaign

28. In September 2022, John Doe 3 created the ▮▮▮▮▮▮▮▮▮, which is based out of Miami, Florida, as ▮▮▮▮▮▮▮ shows. ▮▮▮▮▮ reads:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com



29. On December 3, 2022, John Doe 3 posted a ▮▮▮▮▮, ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which is located in Miami, Florida. The ▮▮ contained similar defamatory and false accusations to those made by John Doe 1 on the Website and by John Doe 2 on ▮▮:

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com



Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com



30.     Like the false accusations against Mr. Silva on the Website and on ▇ John Doe 3's accusations of grotesque conduct against Mr. Silva on ▇ are knowingly false, defamatory, and extreme and outrageous.

### The Mobile Billboard Campaign

31.     In or around December 2, 2022, Defendant John Doe 4 purchased a mobile billboard (the "Billboard") from the Mobile Billboard Defendant.

32.     Defendant John Doe 4 hired the Mobile Billboard Defendant to drive around the location of Mr. Silva's condominium he owns in South Miami Beach on Saturday, December 3, 2022, which was the weekend of Miami Art Basel, one of the busiest weekends of the year in Miami Beach.

Greenberg Traurig, P.A.  ■  333 S.E. 2nd Avenue, Suite 4400  ■  Miami, Florida 33131  ■  Tel 305.579.0500  ■  Fax 305.579.0717  ■  www.gtlaw.com

33. On the Billboard, the Defendants falsely accused Mr. Silva of being ███████ ████████████ Observers of the Billboard are further directed to the above-referenced ████████████████████████████████████████:

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

34. The Defendants' accusation that Mr. Silva is ██████████ is knowingly false,

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

defamatory, and extreme and outrageous. And, as alleged *supra*, the accusations against him on ▮▮▮▮ and ▮▮▮▮ are knowingly false, defamatory, and extreme and outrageous.

35. The Mobile Billboard Defendant knew or should have known the accusations against him were false or, at least, the Mobile Billboard Defendant recklessly disregarded the falsity of the accusations.

36. Mr. Silva's seventeen-year-old son witnessed the truck driving around the neighborhood of Mr. Silva's South Beach condo. He was devasted to see his father portrayed in this way. This has caused extreme emotional distress to Mr. Silva and his family.

37. Mr. Silva has suffered damages as a result of the Defendants' knowingly false, defamatory, extreme and outrageous, and injurious campaign against him. In particular, Mr. Silva has suffered, and will continue to suffer, monetary damages, including in connection with his reputation and business interests, and severe emotional distress. In addition, Mr. Silva fears for his and his family's safety and security, given the defamatory and harassing campaign against him.

38. All conditions precedent to the maintenance of this action have occurred, been performed, complied with, or waived.

## COUNT I: DEFAMATION (LIBEL)
### (Against All Defendants)

39. Mr. Silva incorporates as if fully set forth herein paragraphs 1 through 38 above.

40. The Defendants published to millions of third parties knowingly false, defamatory statements of and concerning Mr. Silva on the Website, ▮▮▮▮, and the Billboard, as outlined *supra*.

41. The Defendants knew that said statements of and concerning Mr. Silva were false, recklessly disregarded the falsity of said statements, and/or were negligent as to the falsity of said statements.

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

42. As a result of the Defendants' wide publication of the above false statements, Mr. Silva has suffered damages, including without limitation, monetarily, to his reputation, and to his business interests.

WHEREFORE, Mr. Silva demands judgment against the Defendants for money damages, pre- and post-judgment interest, and such other relief as the Court deems just and proper. In addition, Mr. Silva seeks punitive damages pursuant to Fla. Stat. § 768.72.

### COUNT II: DEFAMATION (LIBEL) PER SE
**(Against All Defendants)**

43. Mr. Silva incorporates as if fully set forth herein paragraphs 1 through 42 above.

44. The Defendants published to millions of third parties knowingly false, defamatory statements of and concerning Mr. Silva on the Website, [REDACTED], and the Billboard, as outlined *supra*.

45. Those false, defamatory statements charged that Mr. Silva committed infamous crimes and/or felonies, including without limitation, [REDACTED]. In addition, the false, defamatory statements subject Mr. Silva to hatred, distrust, ridicule, contempt, and/or disgrace. Finally, the false, defamatory statements harm Mr. Silva in his many business ventures articulated *supra*.

46. Accordingly, Mr. Silva has suffered damages, including without limitation, monetarily, to his reputation, and to his business interests.

WHEREFORE, Mr. Silva demands judgment against the Defendants for money damages, pre- and post-judgment interest, and such other relief as the Court deems just and proper. In addition, Mr. Silva seeks punitive damages pursuant to Fla. Stat. § 768.72.

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

## COUNT III: DEFAMATION (LIBEL) BY IMPLICATION
### (Against All Defendants)

47.     Mr. Silva incorporates as if fully set forth herein paragraphs 1 through 46 above.

48.     Mr. Silva asserts Count III in the alternative to Counts I and II.

49.     To the extent that one or more of the Defendants' statements on the Website, ▮▮▮▮▮▮▮▮, and/or the Billboard, which were published to millions of people, are determined to be true, all resulting suggestions, impressions, and/or implications that Mr. Silva engaged in any criminal or deviant misconduct are false.

50.     The false suggestions, impressions, and/or implications that Mr. Silva engaged in any criminal or deviant misconduct have caused serious harm to Mr. Silva.

51.     Accordingly, Mr. Silva has suffered damages, including without limitation, monetarily, to his reputation, and to his business interests.

WHEREFORE, Mr. Silva demands judgment against the Defendants for money damages, pre- and post-judgment interest, and such other relief as the Court deems just and proper. In addition, Mr. Silva seeks punitive damages pursuant to Fla. Stat. § 768.72.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

52.     Mr. Silva incorporates as if fully set forth herein paragraphs 1 through 51 above.

53.     The Defendants engaged in extreme and outrageous conduct, including without limitation, by setting forth an internet and billboard campaign to falsely accuse Mr. Silva of heinous, criminal conduct—being compared to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Engaging in a campaign to publish knowingly false and defamatory accusations of the most grotesque order goes beyond all possible bounds of decency and such ruthless attacks are intolerable in a civilized society.

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

54. The Defendants engaged in such extreme and outrageous conduct with the intent to ruin Mr. Silva's personal and professional life, and thus to cause him severe emotional distress.

55. At the very least, the Defendants' extreme and outrageous conduct was done with reckless disregard to the probability of causing Mr. Silva severe emotional distress.

56. Mr. Silva has suffered severe emotional distress, and will continue to suffer severe emotional distress, as a result of the Defendants' extreme and outrageous conduct. In addition, the mobile billboard was seen by Mr. Silva's seventeen-year-old son, a likely, and indeed intended, consequence of having the mobile billboard driven outside of Mr. Silva's condominium. Mr. Silva's son was extremely distraught by what he saw, which has caused Mr. Silva severe emotional distress at the damage this defamatory publication has inflicted on his entire family.

WHEREFORE, Mr. Silva demands judgment against the Defendants for money damages, pre- and post-judgment interest, and such other relief as the Court deems just and proper. In addition, Mr. Silva seeks punitive damages pursuant to Fla. Stat. § 768.72.

## COUNT V: INJUNCTION – STALKING, § 784.0485(1), FLA. STAT.
**(Against All Defendants)**

57. Mr. Silva incorporates as if fully set forth herein paragraphs 1 through 56 above.

58. The Defendants have willfully, maliciously, and repeatedly harassed Mr. Silva through their harassment and defamatory campaign against him, both online and in person.

59. Mr. Silva has suffered severe emotional distress, and will continue to suffer severe emotional distress, as a result of the Defendants' campaign. In addition, Mr. Silva and his family have suffered from grave concerns to their safety and security as a result of the Defendants' harassment and defamatory campaign.

60. The Defendants' harassment and defamatory campaign serves no legitimate purpose, as it is based on knowing falsehoods.

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com

61. Mr. Silva has a clear legal right to not be harassed and defamed in violation of the law.

62. There is no adequate remedy at law for the further violation of this right, necessitating this Court's intervention to enjoin the Defendants from continuing their campaign.

63. Should the Court fail to permanently enjoin the Defendants from continuing their campaign, Mr. Silva will continue to suffer severe emotional distress and he and his family will continue to be in grave fear for their safety and security.

WHEREFORE, Mr. Silva demands an order permanently enjoining the Defendants from continuing their harassment and defamatory campaign, and such other relief as the Court deems just and proper.

Dated: December 30, 2022          Respectfully submitted,

By: */s/ Joshua M. Mandel*

**GREENBERG TRAURIG, PA**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0570
Facsimile: (305) 961-5702
THOMAS R. HEISLER
Florida Bar No. 1029852
heislert@gtlaw.com
BENJAMIN GREENBERG
Florida Bar No. 192732
greenbergb@gtlaw.com
JOSHUA M. MANDEL
Florida Bar No. 1031396
mandelj@gtlaw.com
cruzm@gtlaw.com
fernandezf@gtlaw.com
FLService@gtlaw.com

*Counsel for Plaintiff Riccardo Silva*

17

Greenberg Traurig, P.A. ■ 333 S.E. 2nd Avenue, Suite 4400 ■ Miami, Florida 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717 ■ www.gtlaw.com